LORAIN (city) v LANG
Municipal Court, City of Lorain
No 15448

STRENICK, J

The first question raised by the demurrer is, did the council of the City of Lorain have power to regulate the speed of interlate interurban cars upon private rights-of-way within the City of Lorain, Ohio.

It is conceded by counsel for the plaintiff that the offense charged was committed while the defendant was operating an interurban car upon the private right-of-way of The Lake Shore Electric Railway Co., and the affidavit does not charge that defendant operated said car upon, over or across a public street, alley or highway, but simply follows the language of Sec. 84 of the ordinance: "That defendant operated said car within the limits of the City of Lorain, Ohio, at a rate of speed greater than 25 miles per hour."

Counsel for the plaintiff in his brief says that: "Under section 3616 of the General Code it is easily seen that unless the General Code of Ohio authorizes a Municipal Corporation to make a regulation, such regulation is void." And then counsel for the plaintiff in his brief states that they rely upon Section 3632 of the General Code of Ohio, for the power given City Council for the passage of Section 84 of this ordinance.

Let us now see what powers are granted to a municipal corporation under said section 3632.

Clearly the title of said section 3632 is VEHICLES AND USE OF STREETS. And since the City Council has in this ordinance under DEFINITION OF TERMS in defining VEHICLES exempted vehicles operated exclusively on rails or tracks it seems clearly that their only object was to regulate interurban cars upon private right-of-way, as streets, public highways, alleys, crossings or any other public thoroughfare are not mentioned in Section 84 of this ordinance.

Municipal corporations, in their public capacity, possess such powers and such only, as are expressly granted by statute, and such as may be implied as essential to carry into effect those which are expressly granted.

Municipal corporations, being created for convenience and economy in government, and to aid the state in legislation and administration of local affairs, are always subject in their public capacity, to the control of the state. As a result of this limitation, this corporation cannot possess the power to pass section 84 of this ordinance unless the same is conferred by statute. Indeed, it is conceded by the learned counsel for plaintiff, that the power to pass the ordinance does not exist unless it has been expressly granted by the legislature, or is clearly implied, and there is no doubt that this is the law. Power to enact such an ordinance would not be inherent in the council. Except as to incidental powers, such as are essential to the very life of the corporation, the presumption is that the state has granted in clear and unmistakable terms all it has designed to grant at all. Doubtful claims to power are resolved against the corporation.

There is no doubt in the mind of the court that under section 3632 General Code a municipal corporation may make reasonable regulation of the speed of interurban and street railway cars upon, over and across the public streets, highways, and alleys within the corporate limits of the municipality, but the ordinance creating such regulation must be clearly expressed, but as section 84 of the ordinance in question does not mention public streets, highways, etc., the court is of the opinion that the said section only attempts to regulate the speed of interurban cars upon private rights-of-way within the City of Lorain and that said section 84 of the ordinance in question is void for the reason that Section 3632 of the General Code, limits municipal corporations to regulate the use of public streets only as is clearly expressed in the title of said section.

The defendant's demurrer is sustained on the first ground therein set forth.